OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, by denying plaintiffs’ motion for summary judgment as to their first cause of action, granting defendants’ cross motion for summary judgment with respect to plaintiffs’ first cause of action, and declaring the lease valid. As so modified, the order should be affirmed. The certified question is answered in the affirmative with respect to those portions of the Appellate Division order affirming the Supreme Court orders entered on August 3, 1988 and July 31, 1992; the certified question is otherwise not answered as unnecessary.
This case arises from the "Bridgemarket Project”, a planned complex of food stores and restaurants to be constructed on land owned by the City of New York beneath the Queensborough Bridge. Defendants Harley Baldwin Associates (HBA) and New York City Public Development Corporation (PDC) submitted an application to the New York City Department of Planning to lease and develop the land in 1977. In December 1977, the Board of Estimate (BOE) adopted a resolution approving the lease pursuant to New York City Charter §§ 197-c and 384. However, no lease was executed pursuant to the BOE’s 1977 resolution and the project remained dormant for several years.
In 1982, the BOE rescinded its 1977 resolution, held a public hearing with regard to leasing the subject property to HBA and PDC on "altered rental or other business terms”, and adopted a new resolution approving a lease to HBA and PDC on such altered business terms. Pursuant to the BOE’s 1982 resolution, the City executed a lease with PDC on August 10, 1983. PDC assigned the lease to HBA and HBA assigned the lease to defendant Bridgemarket Associates, but, once again, no construction ensued.
In 1987, the City and Bridgemarket Associates executed a new direct lease denominated an "Amended and Restated Lease” (1987 lease). Unlike the project leases previously approved, the 1987 lease included an additional 50,000 square *828 feet of below grade commercial space. The issue is whether this modification required reapproval by the BOE pursuant to New York City Charter § 384.
In Margulis v Lindsay (31 NY2d 167), we held that BOE reapproval is only required where a postapproval modification changes the essence of what had previously been approved. Analysis must necessarily begin with a determination of what in essence the BOE approved pursuant to the particular statute at issue. Here, pursuant to New York City Charter § 384, the BOE’s approval in 1982 was limited to the business terms of the lease. Plaintiffs have not shown what impact the disputed changes would have on the business terms previously approved by the BOE. Thus, the disputed postapproval modifications in the project, viewed in light of the business terms approved by the BOE in 1982, cannot be said to be essential as a matter of law.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed. Certified question answered in the affirmative with respect to that part of the Appellate Division order which affirmed the Supreme Court orders entered on August 3, 1988 and July 31, 1992, and otherwise not answered as unnecessary.